**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 15-1814

———————————

PATRICK KING,
                                        Appellant

v.

MANSFIELD UNIVERSITY OF PENNSYLVANIA;
STATE SYSTEM OF HIGHER EDUCATION;
JOHN DOE; RICHARD ROE


———————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. Civil No. 1-11-cv-01112)
District Judge:  Honorable Sylvia H. Rambo

———————————

Submitted under Third Circuit LAR 34.1(a)
on February 12, 2016

Before: FUENTES, KRAUSE and ROTH, <u>Circuit Judges</u>

(Opinion filed: March 23, 2016)

———————————

OPINION[*]

———————————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, Circuit Judge

Patrick King challenges the Clerk of the District Court's jurisdiction to enter a judgment of costs in favor of Mansfield University of Pennsylvania, the Pennsylvania State System of Higher Education, and two unnamed individual defendants (collectively, Mansfield). The Clerk had jurisdiction to enter the judgment and, therefore, we will affirm the District Court's order affirming it.

**I.**

King brought suit against Mansfield alleging various federal and state law claims connected to an alleged incident of sexual harassment that occurred while he was enrolled at, and employed by, Mansfield. The District Court granted summary judgment to Mansfield on the federal claims, holding that they were not timely filed. The District Court declined to exercise supplemental jurisdiction over King's state law claims. King does not challenge the summary judgment ruling.

Following the entry of judgment, Mansfield submitted to the Clerk of the Court for the Middle District of Pennsylvania a bill of costs in the amount of $6,553.27. King objected to the bill of costs and the Clerk overruled those objections. King appealed the taxation of costs to the District Court, which denied the appeal and King's subsequent motion for reconsideration. King now appeals the Clerk's taxation of costs and the District Court's affirmance of that taxation of costs.

## II.[1]

Federal Rule of Civil Procedure 54(d) provides for the award of costs to the prevailing party in federal litigation. King does not challenge Mansfield's status as a prevailing party or the reasonableness of those costs. Instead, King argues that the District Court, in rejecting his federal claims under Title VII of the Civil Rights Act of 1964,[2] the Americans with Disabilities Act of 1990 (ADA),[3] and Section 504 of the Rehabilitation Act of 1973,[4] lacked subject matter jurisdiction over the case and, consequently, the Clerk lacked jurisdiction to tax costs. King is incorrect.

The Supreme Court and this Court have held that the statute of limitations in Title VII is not jurisdictional and, as is the case in many federal statutes, the time limits are subject to equitable tolling.[5] The ADA and the Rehabilitation Act each "incorporates by reference Title VII's 'powers, remedies, and procedures,'"[6] making each statute's time limits similarly non-jurisdictional and subject to equitable tolling. Thus, the District Court's grant of summary judgment to Mansfield was not, as King contends, a dismissal for lack of subject matter jurisdiction but rather a decision on the merits. Consequently, Rule 54(d)(1) applies and the Clerk of the Court had jurisdiction to tax costs against

---

[1] The District Court had jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "[W]e exercise plenary review as to legal questions pertaining to Rule 54(d)(1)." *In re Paoli R.R. Yard Litig.*, 221 F.3d 449, 458 (3d Cir. 2000).

[2] 42 U.S.C. §§ 2000e *et seq.*

[3] 42 U.S.C. §§ 12101 *et seq.*

[4] 29 U.S.C. §§ 794.

[5] *See Irwin v. U.S. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96 (1990); *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005).

[6] *Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108 n.4 (3d Cir. 2003) (quoting 42 U.S.C. § 12117)..

King.  It is not necessary for us to reach King's other arguments, based as they are on the faulty premise that the Clerk of the Court lacked jurisdiction to tax costs.

## III.

For the foregoing reasons, we will affirm the order of the District Court, affirming the Clerk of the Court's taxation of costs.